11-20003.rr

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 11-20003-CR-MARTINEZ-BROWN

UNITED STATES,

    Plaintiff,

vs.

MARCO GODFREY CARTWRIGHT, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This cause is before this Court on Defendant Marco Cartwright's Motion to Dismiss Indictment for Lack of Jurisdiction [42].[1] The Court has reviewed the Motion, the Response and the Reply.

### Facts

On January 4, 2011, a federal grand jury sitting in the Southern District of Florida indicted Defendants Marco Godfrey Cartwright, Latterio Ferguson, Lee Boin and Dwight Binder with violations of the "Maritime Drug Law Enforcement Act" "MDLEA", to wit: One count of conspiring to possess with intent to distribute a controlled substance while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §70503(a) and 70506(b); and one count of possessing with intent to distribute a controlled substance while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §70503(a); as well as one count of failing to heave to, in violation of 18 U.S.C. §2237(a)(1).

The factual basis for the indictment concerns the United States Coast Guard's ("USCG") stop

---

[1] This Motion has been adopted by Defendants Latterio Ferguson and Lee Boin.

1

and boarding of a vessel of which Defendant Cartwright was allegedly the master and the other Defendants were passengers (the "vessel"). According to the Government's Response, the vessel was initially observed on or about December 4, 2010, at approximately 10:15 A.M. by a USCG helicopter approximately thirteen nautical miles east of Punta Mesa, Cuba and an approximately seven and one half hour chase, by USCG helicopter and boat, ensued. During the chase several bales of marihuana were located. The USCG boat and the vessel eventually came dead in the water.

The Response states that "[a]fter interdicting the go-fast vessel, and believing it to be without nationality, USCG members boarded Defendant Cartwright's go-fast vessel in international waters."[2] It further states that once the USCG was aboard the vessel, Defendant Cartwright provided documentation that the vessel was Bahamian, and that on December 5, 2010, the Bahamas confirmed the registry of the vessel, requested its return, and consented to the United States enforcing United States law over the vessel and the Defendants.[3]

Defendant moves to dismiss the Indictment based on lack of jurisdiction.

## Discussion

The portion of the MDLEA under which Defendant is charged prohibits certain acts committed on board "a vessel of the United States or a vessel subject to the jurisdiction of the United States". 46 U.S.C. §70503(a)(1).[4] The term "vessel subject to the jurisdiction of the United States" is defined as including:

---

[2] The USCG had this belief because they did not "observ[e] the vessel to be flying any nation's flag or ensign, nor [did they observe] an indicia of nationality, a home port, a port of registry, or country of origin... " Resp. p. 2.

[3] Defendant notes that this version of the events contradicts the statement made in the Certification attached as Exhibit B to the Government's response, in which USCG Commander Daniel Deptula states, *inter alia*: "On or about December 4, 2010, United States law enforcement personnel located and interdicted a Bahamian-flagged go-fast vessel ..." and that after the USCG observed the vessel "jettisoning packages," "the Government of the Commonwealth of the Bahamas confirmed registry of the go-fast vessel ... in the Bahamas and granted authority for United States law enforcement personnel to stop, board, and search the go-fast vessel ..." Govt. Ex. B.

[4] 18 U.S.C. § 2237 contains similar language.

> (A) a vessel without nationality; ...
> (C) a vessel registered in a foreign nation if that nation has consented or waived objection to the enforcement of United States law by the United States; ...
> (E) a vessel in the territorial waters of a foreign nation if the nation consents to the enforcement of United States law by the United States; ...

Defendant argues that the United States has no jurisdiction over the vessel or its crew because the vessel was properly marked and there was no right to board the vessel under Article 110 of the United Nations Convention on the Law of the Sea ("UNCOLS"), which states:

> Article 110
>
> Right of visit
>
> 1. Except where acts of interference derive from powers conferred by treaty, a warship which encounters on the high seas a foreign ship, ... is not justified in boarding it unless there is a reasonable ground for suspecting that:
> (a) the ship is engaged in piracy;
> (b) the ship is engaged in the slave trade;
> (c) the ship is engaged in authorized broadcasting and the flag State of the warship has jurisdiction under article 109;
> (d) the ship is without nationality; or
> (e) though flying a foreign flag or refusing to show its flag, the ship is, in reality, of the same nationality as the warship.
> 2. In the cases provided for in paragraph 1, the warship may proceed to verify the ship's right to fly its flag. To this end, it may send a boat under the command of an officer to the suspected ship. If suspicion remains after the documents have been checked, it may proceed to a further examination on board the ship, ... * * *

Article 110 of the United Nations Convention on the Law of the Sea, U.N. Doc. A/CONF.62/122 (1982), reprinted in 21 I.L.M. 1261, 1289 (1982).

As an initial matter, in addition to addressing the merits, the Government maintains that Defendant has no standing to raise this argument, citing the following section of the MDLEA:

> **§ 70505. Jurisdiction and venue**
>
> A person charged with violating section 70503 of this title, ... does not have standing to raise a claim of failure to comply with international law as a basis for a defense. A claim of failure to comply with international law in the enforcement of this chapter may be made only by a foreign nation. A failure to comply with international law does not divest a court of jurisdiction and is not

3

a defense to a proceeding under this chapter.

46 U.S.C. § 70505.

In his Reply, Defendant merely states that based on the allegations of his motion, "the subject matter jurisdiction of the Court is in question and is raised through this pre-trial Motion." Reply p. 3. Defendant's argument is contrary to the plain language of 46 U.S.C. § 70505; see also United States v. Matos-Luchi, 627 F. 3d 1, 4 n. 4 (1st Cir. 2010) (noting that the term "jurisdiction" in the MDEA refers "to the enforcement reach of the statute - not federal court subject-matter jurisdiction, which extends to any federal felony" (citations omitted)). Moreover, Defendant has completely failed to address the argument concerning his lack of standing to raise any alleged failure of the USCG to comply with international law.

### Recommendation

Accordingly, this Court respectfully recommends that the Motion to Dismiss Indictment for Lack of Jurisdiction be denied.

The parties have fourteen (14) days from the date of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Jose E. Martinez, United States District Judge for the Southern District of Florida. Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988).

**DONE AND ORDERED** in Chambers at Miami, Florida, this 4th day of February, 2011.

STEPHEN T. BROWN
CHIEF UNITED STATES MAGISTRATE JUDGE

cc:   Honorable Jose E. Martinez
      Counsel of record