UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 11-20003-CR-MARTINEZ

UNITED STATES,

vs.

MARCO GODFREY CARTWRIGHT, et al.,

Defendants.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE BROWN'S REPORT AND RECOMMENDATION

THE MATTER was referred to the Honorable Stephen T. Brown, United States Magistrate Judge, for a Report and Recommendation on Defendant Marco Cartwright's Motion to Dismiss Indictment for Lack of Jurisdiction (D.E. No. 42). Magistrate Judge Brown filed a Report and Recommendation, recommending that Defendant Marco Cartwright's motion be denied. *See* (D.E. No. 53). The Court has reviewed the entire file and record. The Court has made a *de novo* review of the issues that the objections to the Magistrate Judge's Report and Recommendation present, and after careful consideration, the Court denies Defendant's motion to dismiss the indictment.

Defendants Marco Godfrey Cartwright ("Defendant" or "Cartwright"), Latterio Ferguson, Lee Boin, and Dwight Binder have been indicted for violating the Maritime Drug Law Enforcement Act ("MDLEA") and 18 U.S.C. § 2237. *See* (D.E. No. 26). Specifically, all defendants have been charged in Count I with conspiring to possess with intent to distribute a controlled substance while on board a vessel subject to the jurisdiction of the United States in violation of 46 U.S.C. § 70503(a) and 46 U.S.C. § 70506(b). In Count II, the defendants are

charged with possessing with the intent to distribute a controlled substances while on board a vessel subject to the jurisdiction of the United States in violation of 46 U.S.C. § 70503(a). In Count III, Defendant Cartwright is charged with being the master of a vessel subject to the jurisdiction of the United States and failing to heave to in violation of 18 U.S.C. § 2237 (a)(1). In Count IV, the other defendants, Lee Boin, Dwight Binder and Latterio Ferguson, are charged with aiding and abetting Cartwright in failing to heave to in violation 18 U.S.C. §§ 2237(a)(1) and (2).

On January 21, 2011, Defendant Cartwright filed a motion to dismiss this indictment for lack of jurisdiction. *See* (D.E. No. 42).[1] In this motion, Defendant argues that the legal basis for boarding Defendant's vessel at the time of his seizure was Article 110 of the 1982 Law of the Sea Convention ("LOSC"). *Id.* at 1. Defendant argues however, that this vessel did not "come within the five enumerated grounds provided for in Article 110 that authorize a 'Right of Visit.'" *Id.* at 3. Defendant also states that "[t]he vessel is not a 'vessel subject to the jurisdiction of the United States' as employed in . . . [46 U.S.C. § 70503, 46 U.S.C. § 70506, 18 U.S.C. § 2237, or 21 U.S.C. § 960(b)(2)(G)]." *Id.* In addition, in his Reply brief, Cartwright states without explanation that "the subject matter jurisdiction of the Court is in question." (D.E. No. 50 at 3).

Magistrate Judge Brown found that under 46 U.S.C. § 70505 Cartwright did not have "standing to raise any alleged failure of the . . . [United States Coast Guard] to comply with international law" and that Defendant's argument regarding subject matter jurisdiction was

---

[1] Defendants Latterio Ferguson and Lee Boin have joined in this motion. *See* (D.E. No. 51).

contrary to the plain language of 46 U.S.C. § 70505.[2] (D.E. No. 53 at 4). Thus, Magistrate Judge Brown recommended denying Defendant's motion to dismiss.

Defendant objects, arguing that section 70505 only addresses personal jurisdiction and argues that Defendant is challenging subject matter jurisdiction. Defendant then asks this Court to "reject" Magistrate Judge Brown's recommendation and "order an evidentiary hearing on the issue of whether a U.S. Court has subject-matter jurisdiction over the conduct alleged in the Indictment, applying the criteria specified for acquiring jurisdiction over vessels on the high seas, provided in Article 110 of the 1932 Law of the Seas Convention." (D.E. No. 56 at 5). In his Reply to the Government's Response to his objections Plaintiff states that "[t]he record does not demonstrate that any of the six criteria set forth in § 70502(c)(1)(A)-(F) of the MDLEA have been met that would bring the subject vessel within the jurisdiction of the United States." (D.E. No. 60 at 1).[3] This Court finds Defendant's objections are without merit.

"Subject-matter jurisdiction defines the court's authority to hear a given type of case, whereas personal jurisdiction protects the individual interest that is implicated when a

---

[2] 46 U.S.C. § 70505 states:

A person charged with violating section 70503 of this title, or against whom a civil enforcement proceeding is brought under section 70508, does not have standing to raise a claim of failure to comply with international law as a basis for a defense. A claim of failure to comply with international law in the enforcement of this chapter may be made only by a foreign nation. A failure to comply with international law does not divest a court of jurisdiction and is not a defense to a proceeding under this chapter.

[3] It appears that Defendant has had trouble articulating exactly what his argument is.

-3-

nonresident defendant is haled into a distant and possibly inconvenient forum." *United States v. Morton*, 467 U.S. 822, 828 (1984). Thus, in this case, Defendant states he is challenging this Court's authority to hear this case. "Congress bestows that authority on lower courts by statute; in . . . [this] case, Congress has provided the district courts with jurisdiction- 'exclusive of the courts of the States'- of- 'all offenses against the laws of the United States.'" *Alikhani v. United States*, 200 F. 3d 732, 734 (11th Cir. 2000) (quoting 18 U.S.C. § 3231). Congress can also "create additional statutory hurdles to a court's subject matter jurisdiction through separate jurisdictional provisions found in the substantive criminal statute itself under which a case is being prosecuted." *United States v. Tinoco*, 304 F. 3d 1088, 1105 n.18 (11th Cir. 2002). The MDLEA, at issue in this case, has added an additional requirement to the court's subject matter jurisdiction; namely "that the vessel at issue be subject to the jurisdiction of the United States." *Id.*[4]

First, Defendant's arguments that this Court lacks subject matter jurisdiction because of a violation of international law are without merit. As Magistrate Judge Brown found, Defendant's argument is contrary to the plain language of 46 U.S.C. § 70505, which provides that "[a] failure to comply with international law does not divest a court of jurisdiction."

The Court also finds Defendant's arguments that the indictment must be dismissed because the vessel at issue was not subject to the jurisdiction of the United States is without merit. First, the indictment sufficiently alleges that the vessel at issue was subject to the

---

[4] This requirement is also in 18 U.S.C. § 2237, which is the subject of Counts III and IV. Moreover, section 2237(e)(3) provides that "the term 'vessel subject to the jurisdiction of the United States' has the meaning given the term in" the MDLEA. Thus, the same jurisdictional analysis applies to all charged violations.

jurisdiction of the United States. *See* (D.E. No. 26). In addition, the United States has sufficiently demonstrated that the vessel at issue was subject to the jurisdiction of the United States. Forty-six U.S.C. § 70502(c)(1)(C) states that "the term 'vessel subject to the jurisdiction of the United States' includes a vessel registered in a foreign nation if that nation has consented or waived objection to the enforcement of United States law by the United States." "Consent or waiver of objection by a foreign nation to the enforcement of United States law by the United States . . . is proved conclusively by certification of the Secretary of State or the Secretary's designee." 46 U.S.C. § 70502(c)(2)(B). The Government has attached just such a certification of the Secretary's designee to its Response to Defendant's objections, which states that the vessel at issue in this case was a Bahamian vessel and that "[o]n December 9, 2010, Bahamian authorities notified the United States that the Government of the Commonwealth of the Bahamas waived its primary right to exercise jurisdiction over the go-fast vessel . . ., its cargo, and four persons on board, authorizing enforcement of United States law." (D.E. No. 59-2 at 4).

Defendant does not challenge the validity of this certification. Defendant argues only that the consent in this case is not sufficient because the United States obtained consent from the Bahamas after Defendant's arrest and seizure occurred. It is undisputed that Defendant's arrest and seizure occurred on December 4, 2010 and that Bahamian authorities gave the required consent on December 9, 2010.[5] *See* (D.E. No. 26); (D.E. No. 59-2 at 4). This fact, however, is insignificant. The MDLEA "requires the consent of a vessel's flag nation for jurisdiction to protect the interest of that flag nation and international comity, not the interest of the individuals

---

[5]The Government states in a surreply relating to the objections that the Bahamian government also gave oral consent on December 5, 2010. (D.E. No. 61 at 1). A statement in a reply, however, is not evidence. Thus, the Court only considers the certification.

-5-

aboard the vessel." *United States v. Devila*, 216 F. 3d 1009, 1017 (11th Cir. 2000) *vacated and remanded in part on other grounds by United States v. Devila*, 242 F. 3d 995 (11th Cir. 2001). "For the individuals aboard a vessel '[t]he timing of consent makes no constitutional difference since evidence obtained from a boarding premised on anticipated consent which never materializes would have to be excluded.'" *Id.* (quoting *United States v Reeh*, 780 F. 2d 1541, 1547 (11th Cir. 1986)). Thus, a defendant "may challenge jurisdiction over a vessel on the basis that the flag nation failed to consent before trial, they may not do so on the basis that the flag nation's consent was obtained after the vessel was boarded." *Devila*, 242 F. 3d at 1017. Here, the consent was given before trial and is sufficient to demonstrate that the vessel at issue is subject to the jurisdiction of the United States. Accordingly, it is hereby:

**ADJUDGED** that United States Magistrate Judge Brown's Report and Recommendation **(D.E. No. 53)** is **AFFIRMED** and **ADOPTED**. Accordingly, it is

**ADJUDGED** that

Defendant Marco Cartwright's Motion to Dismiss Indictment for Lack of Jurisdiction (D.E. No. 42) is **DENIED**.

DONE AND ORDERED in Chambers at Miami, Florida, this 18 day of February, 2011.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Brown
All Counsel of Record